IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOUSIF SULIMAN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; JO MARTIN, Director of Corrections, Sarpy County Jail; SAM OLSON, St. Paul Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and ALLEN GILL, Omaha Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security,<br><br>Respondents. | **8:26CV326**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Yousif Suliman's ("Suliman") Verified Petition for Writ of Habeas Corpus (Filing No. 1). *See* 28 U.S.C. §§ 2241, 2243. Suliman reports he "is a native of Sudan who first entered the United States as a refugee 24 years ago." Suliman is now 55 years old and is married with six children. His wife and children are all United States citizens.

On February 24, 2026, Suliman was arrested and detained by United States Immigration and Customs Enforcement ("ICE") officers. Before that, he had been complying with an ICE order of supervision. Suliman is currently being detained at the Sarpy County Correctional Center in Sarpy County, Nebraska, where respondent Jo Martin ("Martin") is the Director of the Sarpy County Department of Corrections. Suliman has been told that ICE intends to remove him to South Sudan rather than Sudan because of an ongoing war in Sudan. When a group of detainees was removed to South Sudan, Suliman was left behind.

Suliman alleges his ongoing detention in Sarpy County violates 8 U.S.C. § 1231 and his rights to due process under the Fifth Amendment to the United States Constitution. He further alleges that ICE has "failed to follow any of the required procedural requirements in their own regulations for revoking an Order of Supervision, *see* 8 C.F.R. §§ 241.4(l), 241.13(i)(3), and have never justified the revocation." *See also* 8 C.F.R. § 241.3; *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). According to Suliman, "ICE has shown no ability to remove Mr. Suliman to any country despite frequent inquiries by him and his counsel and prompt cooperation with all ICE requests, raising serious concerns that his removal is not foreseeable and will become indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)."

On August 20, 2026, the Court ordered Martin—Suliman's physical custodian— to show cause why Suliman's petition should not be granted. *See* 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court also invited Assistant United States Attorney Eric Synowicki to respond for federal respondents Markwayne Mullin, Secretary of the United States Department of Homeland Security; Sam Olson, St. Paul Field Office Director for ICE; and Allen Gill, Omaha Field Office Director for ICE (collectively, the "federal respondents"). Both have timely responded (Filing Nos. 18 and 20). And Suliman promptly filed a reply (Filing No. 23).

The federal respondents urge the Court to deny Suliman's petition. They report that ICE revoked Suliman's "supervised release due to him having violated" the supervised release imposed on October 29, 2007, "and due to removal being more likely with Sudan now issuing travel documents." As they see it, Suliman's "detention is lawful" because his "removal is significantly likely to occur in the foreseeable future as Sudan has conducted a travel document interview of [Suliman] and [the federal respondents] are awaiting the issuance of those travel documents." *See Zadvydas*, 533 U.S. at 701.

In reply, Suliman dubiously asserts that his "detention has now exceeded six months in a row without progress toward his removal." In addition to highlighting multiple

purported regulatory violations along the way, Suliman contends the federal respondents cannot "meet their burden under *Zadvydas* through conclusory statements that removal is likely." In particular, he challenges the declaration of Deportation Officer Nolan M. Darnell (Filing No. 22) regarding his removal. He contends, "The declaration does not identify an adequate factual foundation, source records, communications with the relevant government, or an individualized timeline." Suliman also faults the federal respondents for using the passive voice. In his view, the federal respondents' evidence leaves more questions than answers about whether his removal to Sudan is reasonably foreseeable. The Court disagrees.

In *Zadvydas*, the Supreme Court explained that if an alien who has been detained for six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." 533 U.S. at 701. Even if the Court were to conclude that Suliman provided "good reason" for the presumption to arise, the Court finds the federal respondents' evidence is sufficient to rebut that presumption. *See id.* (clarifying that the six-month presumption "does not mean that every alien not removed must be released after six months"). Put simply, the Court is unable to say on this record "that there is no significant likelihood of removal in the reasonably foreseeable future." *See id.*

Suliman's detention is lawful in these circumstances, *see id.*, and his remaining arguments fail to persuade the Court that he should be immediately released. Accordingly,

IT IS ORDERED:

1. Petitioner Yousif Suliman's Verified Petition for Writ of Habeas Corpus (Filing No. 1) is denied.
2. A separate judgment will issue.

Dated this 10th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge