IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOUSIF SULIMAN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; JO MARTIN, Director of Corrections, Sarpy County Jail; SAM OLSON, St. Paul Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and ALLEN GILL, Omaha Field Office Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security,<br><br>Respondents. | **8:26CV326**<br><br>**MEMORANDUM AND ORDER** |

On September 10, 2026, the Court denied petitioner Yousif Suliman's ("Suliman") Verified Petition for Writ of Habeas Corpus (Filing No. 1). *See* 28 U.S.C. §§ 2241, 2243. In reaching that decision, the Court rejected Suliman's argument that the United States Immigration and Customs Enforcement "("ICE") "failed to follow any of the required procedural requirements in their own regulations for revoking an Order of Supervision, *see* 8 C.F.R. §§ 241.4(l), 241.13(i)(3), and have never justified the revocation." After careful review, the Court concluded "Suliman's detention is lawful in" the circumstances of this case and the record does not support Suliman's assertion "that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Suliman now asks the Court to reconsider those conclusions (Filing No. 27). *See* Fed. R. Civ. P. 59(e). He faults the Court for failing to make "an explicit ruling on [his]

Count I regulatory claim for relief." He also asks the Court to reconsider its ruling under *Zadvydas*. Neither argument warrants relief.

Rule 59(e) motions are generally disfavored. *See Ellis v. Nike USA, Inc.*, 158 F.4th 932, 935 (8th Cir. 2025). Adopted as a means for district courts to quickly correct their "own mistakes shortly after entering judgment," *Nordgren v. Hennepin County*, 96 F.4th 1072, 1077 (8th Cir. 2024) (citing *Banister v. Davis*, 590 U.S. 504 (2020)), the rule gives district courts "broad discretion" in deciding whether "to alter or amend a judgment," *Saylor v. Jeffreys*, 131 F.4th 864, 868 (8th Cir. 2025) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).

As pertinent here, Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact." *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). They "cannot be used as a vehicle to tender new legal theories, raise arguments that could have been made prior to the issuance of judgment, re-argue the merits of claims, or suspend a judgment's finality without specifically identifying for the court a manifest error of law or fact that needs correcting." *Nordgren*, 96 F.4th at 1077. The Court sees no manifest error in this case.

The Court fully considered Suliman's asserted grounds and found them insufficient to warrant relief. While Suliman is correct that the Court did not make a specific "finding on whether ICE complied with the requirements governing revocation of his release," the Court expressly noted the argument before concluding Suliman's "remaining arguments fail to persuade the Court that he should be immediately released." The Court's decision on that issue was clear. In short, the Court agrees with the respondents (Filing No. 28) that any purported regulatory violations do not warrant Suliman's immediate release in these circumstances. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention."); *cf. Murtazaev v. Warden*, No. 8:26CV188, 2026 WL 2797370, at *2 (D. Neb. Sept. 18, 2026) (denying habeas petition based in part

on alleged violations of 8 C.F.R. §§ 212.5(e)(2)(i), 241.4(l)(1)). The fact that other "habeas courts have granted relief" on that basis does not require this Court to do so.

Because plaintiff Yousif Suliman fails to show manifest error, his Motion to Reconsider (Filing No. 27) pursuant to Federal Rule of Civil Procedure 59(e) is denied.

IT IS SO ORDERED.

Dated this 28th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge